IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN STOLLER, et al.,<br><br>            Defendants. | No.  2:23-CV-1157-WBS-DMC-P<br><br><br>ORDER |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Dai Nguyen names the following as defendants: (1) John W. Stroller, Public Defender at Sacramento Public Defender Office, (2) Erin J. Radekin, Court Appointed Appellate Lawyer at California Appellate Program, (3), Gina Le, Public Defender at Sacramento Public Defender Office, (4) California Bar Association. See ECF No. 1, pg. 1. Plaintiff asserts violations of her Sixth and Fourteenth Amendment rights.

In his first claim, Plaintiff asserts that his Sixth Amendment right to counsel and adequate representation has been violated. See id. at 3. Plaintiff argues that he filed a petition for resentencing to Sacramento Superior Court in October 2019. See id. at 3. Plaintiff was appointed counselors Leonard Tauman and John Stoller. Plaintiff received a letter from Public Defenders "asking for issues to be raised." Id. Plaintiff responded to the Public Defender, presenting all the issues Plaintiff believed would make him eligible for resentencing. See id. Plaintiff specifically provided an error in jury instruction on "CALJIC 8.31." Id. Plaintiff asserts that Defendants Tauman and Stoller claimed they had researched the issue and did not believe Plaintiff was eligible and requested to dismiss the petition. See id. Plaintiff refused dismissal and requested to be present at the order to show cause hearing. See id. Plaintiff was transported to court on March 24, 2020, but could not attend due to a possible COVID-19 infection at North Kern State Prison. See id. All transfers were subsequently cancelled, followed by a COVID-19 shutdown on April 10, 2020. See id.

///

According to Plaintiff, Defendant Tauman was unassigned as counsel, and Defendant Stoller remained. See id. at 4. Plaintiff asserts that on June 4, 2020, a conference took place in which Plaintiff was to be physically present, but Stoller waived Plaintiff's rights without Plaintiff's permission. See id. A new court date was then scheduled for August 21, 2020. See id. Plaintiff asserts that Stoller guaranteed Plaintiff by letter that Plaintiff would be present at the August 21, 2020, hearing. See id.

Plaintiff further states that he received word from Stoller informing Plaintiff that Plaintiff would not be present at the hearing, which "will be in oral arguments." Id. Apparently, the hearing was held by videoconference instead. Plaintiff asserts that, at the hearing, Stoller attempted to coerce Plaintiff into incriminating himself on video. See id. Plaintiff contends that he refused to speak about the case and instructed Stoller to raise the issues previously discussed to qualify for resentencing. See id. at 5. Plaintiff claims that Stoller refused and told Plaintiff "you can tell the judge that yourself." Id. Plaintiff asserted that the petition was denied on September 8, 2020. See id. Plaintiff then filed an objection, and claims that the judge did not consider it. See id.

Plaintiff filed a motion for ineffective assistance of counsel to the judge citing jurisdiction because Stoller had filed a notice of appeal, and the motion was denied. See id. Plaintiff further filed a state bar complaint to the State Bar Association. See id. The complaint was denied, and Plaintiff appealed to the State Bar Association in San Francisco, and that appeal was also denied. See id. Plaintiff filed a petition for review to California Supreme Court, which was denied on January 5, 2022. See id.

According to Plaintiff, on appeal to the Court of Appeal involving Plaintiff's resentencing petition, Plaintiff was appointed counsel, Defendant Erin J. Radekin. See id. at 6. Plaintiff immediately informed Radekin that, if she did not want to raise CALJIC 8.31, Plaintiff would request a new attorney. See id.

///

///

///

3

Plaintiff contends that the only communication made with Radekin was through an extension of time filed with the court. See id. Plaintiff claims that after one year of representation, Radekin made an attorney phone call through the prison to notify Plaintiff that Radekin wanted to dismiss the appeal. See id. Radekin expressed to Plaintiff that she did not want to raise the issue due to her ethics as a lawyer. See id. Radekin did not believe CALJIC 8.31 was the basis of a viable claim and notified Plaintiff that she was waiting on case law from other cases. See id.

According to Plaintiff, after completing some independent research, Plaintiff found that the case law Radekin was waiting on was the same case Defendant Stoller used at the order show cause hearing. See id. However, Plaintiff argues that the case being utilized, People v. Soto, had no equivalent issues to Plaintiff's case. See id. Plaintiff asserts that Stoller and Radekin used bad case law and assumed the role of surrogate prosecutor. See id.

Plaintiff contends that he filed a motion to substitute counsel to the Court of Appeal and was denied without inquiry. See id. Plaintiff additionally filed a writ of mandate to the California Supreme Court and was denied on January 3, 2022. See id. Plaintiff asserts that he then filed a complaint against Radekin with the State Bar. See id. at 6-7. Plaintiff claims that immediately after this complaint was filed, Radekin filed a brief raising no issues, which allowed Plaintiff to raise issues to the Court of Appeal on his own. See id. at 7. The Court of Appeal denied the brief and Plaintiff asserts Radekin refused to file a request for rehearing or petition for review to California Supreme Court. See id. Plaintiff contends that Radekin was engaging as a surrogate prosecutor and denied Plaintiff's right to adequate counsel. See id.

Plaintiff asserts that he immediately filed a new petition, under new law, petitioning for resentencing. See id. at 7. Plaintiff was appointed counsel and, despite written objection to the public defender's office, Plaintiff was assigned Stoller again. See id. The district attorney filed a responsive pleading and Plaintiff claims he did not receive a copy of said pleading. See id. New counsel, Defendant Gina Le, was then appointed. See id. Plaintiff asserts that an order to show cause was scheduled for February 24, 2023. See id. Plaintiff was unable to attend the hearing and the hearing was rescheduled for April 14, 2023. See id. Plaintiff asserts

1   that Le notified Plaintiff through a prison phone call that she would be on leave, and Stoller

2   would represent Plaintiff at the hearing. See id. Plaintiff claims he objected and believes Le was

3   inadequate by allowing Stoller to represent him. See id.

4   According to Plaintiff, at the hearing on April 14, 2023, Plaintiff was physically

5   present. See id. at 8. Plaintiff contends that he requested a Marsden motion for new counsel. See

6   id. Plaintiff notified the judge that Stoller would not raise the issues and Plaintiff would therefore

7   need to enter the documents before the hearing to be considered at the hearing. See id. The judge

8   denied the Marsden motion and immediately denied the petition as successive. See id. Plaintiff

9   contends that Stoller did not raise any objection and allowed the judge to deny the petition. See

10  id.

11  Plaintiff asserts that Stoller was again ineffective as he failed to notify Plaintiff

12  that the District Attorney was arguing the petition as successive. See id. Plaintiff claims that if he

13  had known, he could have argued that petitions and record conviction cannot be used at order to

14  show cause hearings. People v. Newsome, E077906, Rule 8,15(b). See id. at 8-9. According to

15  Plaintiff, Stoller was aware of this provision but did not want to raise it because it was only for

16  "highly probable" cases. Id. at 9. Plaintiff asserts that failing to raise this issue at the hearing

17  denied Plaintiff the right to adequate counsel or the right to counsel in general. See id. Plaintiff

18  later filed a motion for reconsideration and ineffective assistance of counsel. See id. The judge

19  denied it on June 8, 2023. See id.

20  Plaintiff asserts that the denial of adequate counsel from Defendants Stoller, Le,

21  and Radekin created emotional distress. See id. Additionally, Plaintiff claims that the California

22  State Bar caused injury by allowing Stoller to represent Plaintiff, and he was denied the right to

23  adequate counsel. See id.

24  In his second claim, Plaintiff asserts Defendant Stoller and Le violated his Sixth

25  Amendment right to a fair hearing. See id. at 10. Plaintiff claims that denying his right to

26  adequate counsel at the August 21, 2020, and April 14, 2023, hearing denied Plaintiff a right to a

27  fair hearing. See id. According to Plaintiff, if all issues were raised at both hearings, those

28  hearings would have been considered fair, and all rights preserved. See id. Plaintiff further asserts

1  that Defendant Gina Le acted as a surrogate prosecutor and allowed the prosecution and judge to
2  deny the petition. See id.  Plaintiff states that he was denied the right to a fair hearing by
3  Defendants Stoller and Le, and in turn, experienced emotional distress. See id.

4  In his third claim, Plaintiff argues that Defendant Radekin violated his Fourteenth
5  Amendment right to appeal. See id. at 11. Plaintiff claims that if Radekin had clearly conveyed
6  that she would not represent Plaintiff, Plaintiff would have been appointed another lawyer to
7  represent him. See id. Plaintiff asserts that Radekin did not raise any issues or research any claims
8  made by Plaintiff. See id. Plaintiff claims that by not filing the proper brief on the issues and
9  refusing to file a request for rehearing and petition for review to the California Supreme Court,
10 Radekin denied Plaintiff the right to appeal. See id. Plaintiff asserts that due to the denial of the
11 right to appeal Plaintiff experienced emotional distress. See id.

## II.  DISCUSSION

When a state prisoner challenges the legality of his custody and the relief, he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983. The prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

Here, Plaintiff asserts that Defendants failed to adequately represent Plaintiff,

ultimately resulting in a violation of Plaintiff's Sixth Amendment right to a fair hearing and right to counsel. Plaintiff additionally contends that Defendant Radekin violated Plaintiff's Fourteenth Amendment right to appeal because she failed to clearly convey that she refused to represent Plaintiff.

Plaintiff asserts Defendants Stoller and Le violated his right to counsel and adequate representation. Plaintiff contended that he filed a motion for resentencing and Defendants refused to argue the issues Plaintiff believed would make him eligible for resentencing, specifically an error in jury instruction under CALJIC 8.31. Plaintiff stated throughout the complaint the multiple times he requested Defendants use CALJIC 8.31, in response to which Defendants stated either that they were awaiting new case law or outright refused to argue the issue. According to Plaintiff, if all issues were raised at both hearings, those hearings would have been considered fair, and all rights preserved.

Plaintiff argues Plaintiff's violated his constitutional right to effective assistance of counsel and his right to counsel because Defendants refused to present issues Plaintiff believed would qualify Plaintiff for resentencing. Under <u>Heck</u>, actions that would essentially imply the invalidity of the prisoner's underlying conviction or sentence cannot be brought under 1983 the sentence has first been invalidated on appeal by a habeas petition or through some similar proceeding. A claim is not cognizable under § 1983 where a § 1983 action seeking monetary damages alleges a constitutional violation that would essentially imply the invalidity of the prisoner's underlying conviction or sentence unless the conviction or sentence has first been invalidated on appeal, by a habeas petition, or through some similar proceeding.

Because Plaintiff is presenting a constitutional violation regarding his eligibility for resentencing and Plaintiff's conviction or sentencing have not been invalidated or otherwise set aside, Plaintiff's claims are not cognizable under § 1983. Considering Plaintiff's pro se status, the Court will allow an opportunity to amend and assert any facts, if available, that show the claim goes beyond challenging the validity of Plaintiff's conviction or sentencing, or that the conviction and sentence have been set aside or otherwise invalidated.

7

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). All claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: March 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE