IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN STOLLER, et al.,<br><br>　　　　Defendants. | No. 2:23-CV-1157-WBS-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. See ECF No. 16.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action with a pro se complaint filed on June 16, 2023. See ECF No. 1. In the original complaint Plaintiff named the following as defendants: (1) Public Defender at Sacramento Public Defender Office – John W. Stroller, (2) Court Appointed Appellate Lawyer at California Appellate Program – Erin J. Radekin, (3) Public Defender at Sacramento Public Defender Office – Gina Le, and (4) California Bar Association. See id. at 2. Plaintiff was provided leave to amend and filed the operative first amended complaint on March 24, 2024. See ECF No. 16.  Plaintiff now names the following defendants: (1) Public Defender at Sacramento Public Defender Office – John W. Stroller, (2) Court Appointed Appellate attorney at California Appellate Program – Erin J. Radekin, (3) Public Defender at Sacramento Public Defender Office – Gina Le, (4) Court Appointed attorney – Richard Operto, and (5) Sacramento County.

Plaintiff claims that he has been deprived effective assistance of counsel at a critical stage of the resentencing process and that municipal policymakers have made deliberate choices regarding the funding, contracting, and monitoring of the public defense system. See id. at 2. Plaintiff claims that court appointed counsel – Defendants John Stroller, Erin Radekin, Gina Le, and Richard Oberto – barely provided any opportunity for Plaintiff to confer with them in confidential settings. See id. Most discussions regarding possible defenses and the need for investigation occurred publicly in the courtroom and were perfunctory.  See id.  Plaintiff claims that the appointed counsel did not conduct any investigation, did not do any legal analysis relating to the elements of the crime charged, nor did they propose possible defenses during the time they

represented him. See id. at 2 and 3. Plaintiff claims that appointed counsel assumed that the police and the judges had done their job correctly and based their representation on these assumptions. See id. at 3.

Plaintiff further claims that the appointment of counsel was nothing more than a "formality." See id. He believes that defendants – John Stroller, Erin Radekin, Gina Le, and Richard Oberto – did not adequately represent him. See id. Plaintiff claims that adversarial testing of the government's case was so infrequent that it was virtually a non-factor in the functioning of the Sacramento County criminal justice system. See id. Plaintiff claims that the large case load his court appointed attorneys handled resulted in essentially the denial of the effective assistance of counsel to Plaintiff because he virtually had no relationship with his assigned counsel. See id. at 4.

Plaintiff argues that Sacramento County is fully aware of the situation and is "willfully blind" to the overall case processing techniques. See id. He believes that Sacramento County and city officials did not hold court appointed counsel accountable for complying with standards for sentencing petitions set forth in city ordinances and contracts. See id. He further claims that the county was not particularly concerned when Stoller, Le, Radekin, and Oberto expressly declined to provide basic services requested by Sacramento County, such as initiating contact with clients and visiting in-custody petitioners. See id.

Plaintiff claims that Sacramento County did not enable appointed counsel to give Plaintiff's case the time and effort necessary to ensure Constitutionally adequate representation and the integrity of the adversarial criminal justice system. See id. at 5. Plaintiff argues that court appointed counsel cannot simply presume that police officers, prosecutors, and judges have done their jobs adequately. See id. Instead, timely and confidential input from Plaintiff is essential for an informed judgement, which influences the nature and scope of the investigation, legal research, and briefs. See id.

///
///
///

Plaintiff claims that the refusal to present his claims violates his Sixth Amendment right to counsel. See id. at 6. He clarifies that he was not represented in a meaningful way because issues he wanted to be presented were ignored. As such, Plaintiff's interests were not protected. See id. Plaintiff claims that mere appointment of counsel to represent Plaintiff is not enough to satisfy the Sixth Amendment promise of assistance of counsel. See id.

Plaintiff claims that Sacramento County is liable for the constitutional deprivation due to the decisions made by government officials amounting to official municipal policy. See id. at 6 and 7. Plaintiff claims that the number of cases have compelled court appointed counsel to adopt case management practices that result in most petitions being denied. See id. at 7. According to Plaintiff, this is because there is no opportunity to meet with the appointed attorney in a confidential setting, and the representation is "in name only" with counsel having no idea what plaintiffs' goals are or whether there are any mitigating circumstances requiring investigation. See id. Plaintiff claims that such "perfunctory representation" does not satisfy the Sixth Amendment. See id. Plaintiff claims that the administrative head of the Public Defender's Office could be liable for non-representative decision making and the county liable for promulgating policies that led to the constitutional deprivation. See id. at 8.

## II.  DISCUSSION

The Court finds that Plaintiff's first amended continues complaint suffers from the same defect as the original complaint.  Specifically, Plaintiff cannot use a suit under 42 U.S.C. § 1983 to assert a claim necessarily implying the invalidity of an underlying criminal conviction or sentence.

When a state prisoner challenges the legality of his custody and the relief, he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

4

alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

As with the original complaint, the first amended complaint raises claims of ineffective assistance of counsel which, if proven, would necessarily imply the invalidity of an underlying criminal conviction due to violation of Plaintiff's rights under the Sixth Amendment. In an order issued on March 13, 2024, addressing Plaintiff's original complaint, Plaintiff was advised of this defect and provided an opportunity to amend. See ECF No. 15. The first amended complaint continues to assert claims of ineffective assistance of counsel and does not include any allegations indicating that the underling conviction at issue has been overturned or otherwise invalidated. As such, Plaintiff's action is barred under Heck.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint further, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

2. It is ORDERED that all pending motions, ECF Nos. 17 and 18, are DENIED without prejudice to renewal should these findings and recommendations not be adopted by the District Judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE