IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN STOLLER, et al.,<br><br>  Defendants. | No.  2:23-CV-1157-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983.  On July 22, 2024, the Court dismissed this action for failure to state a claim upon which relief can be granted and final judgment has been entered.  See ECF Nos. 21 and 22.  Pending before the Court in this closed case is Plaintiff's motion for reconsideration of the Court's July 22, 2024, final order.  See ECF No. 23.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in

1

controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the Court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff states that his motion for reconsideration is filed pursuant to Rule 59(e) based on "manifest injustice." ECF No. 23, pg. 1.  Without alleging any facts not already presented to the Court in Plaintiff's first amended complaint, Plaintiff argues: (1) Defendants denied Plaintiff meaningful access to the courts; and (2) Defendants have denied Plaintiff due process protections.  See id. at 2-3.  Having considered Plaintiff's motion, the Court finds that relief under Rule 59(e) is not warranted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, ECF No. 23, is DENIED.

Dated:  August 29, 2024

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE